UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| Case No. | CV 17-2125 FMO (GJSx) | Date | November 9, 2017 |
|---|---|---|---|
| Title | Abol G. Helmy v. Aetna Health of California, Inc. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):   Attorney Present for Defendant(s):

None Present                              None Present

**Proceedings:**     (In Chambers) Order Re: Pending Motion

Having reviewed and considered all the briefing filed in connection with plaintiff's Motion to Remand (Dkt. 21, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

## INTRODUCTION

On February 14, 2017, plaintiff Abol G. Helmy ("plaintiff" or "Helmy") filed a state-court complaint against Aetna asserting a single claim for breach of the implied covenant of good faith and fair dealing ("implied covenant"). (See Dkt. 1-1, Complaint). On March 17, 2017, defendant removed the action on the basis of federal question jurisdiction, asserting that plaintiff's claim arises under the Medicare Act. (See Dkt. 1, Notice of Removal ("NOR") at 2-4); see also 42 U.S.C. §§ 1395, et seq. Plaintiff seeks remand of the action to state court.

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that in June 23, 2015, he was hospitalized due to a major stroke. (See Dkt. 1-1, Complaint at ¶ 12). On July 23, 2015, he was transferred to The Rehabilitation Centre of Beverly Hills ("Rehabilitation Centre") for skilled nursing facility ("SNF") care and services, including physical therapy, occupational therapy, and speech therapy. (Id. at ¶ 13). The Rehabilitation Centre determined that plaintiff's "rehabilitation potential was good" and that he "would benefit greatly from a fairly rigorous therapy plan that would include physical, occupational and speech related therapies conducted five times a week[.]" (Id. at ¶ 16).

Plaintiff alleges that "it was critical that he receive SNF care and services immediately and continuously after the occurrence of his stroke because it is generally and popularly understood within the medical community that stroke victims have the best chances for meaningful rehabilitation . . . when they undergo rehabilitation therapies immediately after the occurrence of a stroke. Therefore, any delay in the receipt of [such] therapies . . . would be damaging to him." (Dkt. 1-1, Complaint at ¶ 17); (see id. at ¶ 25) (alleging that "rates of recovery after a stroke are

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2125 FMO (GJSx) | Date | November 9, 2017 |
|---|---|---|---|
| Title | Abol G. Helmy v. Aetna Health of California, Inc. | | |

greatest when therapeutic rehabilitation activities occur during the acute and post-acute periods of a stroke" and that "prematurely discontinuing" services would have a "damaging impact on Plaintiff's health and recovery"). On August 26, 2015, defendant advised "unexpectedly and without reason" that it was unlikely to continue coverage for plaintiff's SNF care and therapies beyond September 2, 2015. (See id. at ¶ 22).

Ultimately, as a result of Aetna's "wrongful" terminations of SNF coverage, plaintiff paid to have the Rehabilitation Centre provide the required therapy, "albeit on a less intensive, 'part-time basis[.]'" (Dkt. 1-1, Complaint at ¶ 32). Plaintiff alleges that Aetna's conduct violated the implied covenant of good faith and fair dealing by denying and delaying coverage decisions "with full knowledge and/or reckless disregard for the consequences to be borne by Plaintiff for not immediately and consistently receiving" SNF care and services. (Id. at ¶¶ 47-50). According to plaintiff, he was forced to forgo certain SNF care and services "to his detriment." (Id. at ¶ 54).

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same). A removing defendant bears the burden of establishing that removal is proper. See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. See Gaus, 980 F.2d at 566 ("Federal jurisdiction

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2125 FMO (GJSx) | Date | November 9, 2017 |
|---|---|---|---|
| Title | Abol G. Helmy v. Aetna Health of California, Inc. | | |

must be rejected if there is any doubt as to the right of removal in the first instance.").

District courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For purposes of removal based on federal question jurisdiction, the well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Smallwood v. Allied Van Lines, Inc., 660 F.3d 1115, 1120 (9th Cir. 2011) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987)). "As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims." ARCO Envt'l Remediation, L.L.C. v. Dep't of Health & Envt'l Quality of Montana, 213 F.3d 1108, 1114 (9th Cir. 2000).

## DISCUSSION

I.  SUBJECT MATTER JURISDICTION.

Aetna contends that removal is proper because plaintiff's claim "arises under the Medicare Act and presents a federal question[.]" (Dkt 1, NOR at 2; Dkt. 23, Defendant Aetna Health of California, Inc.'s Opposition to Plaintiff's Motion to Remand ("Opp.") at 1). A claim "arises under" the Medicare Act "(1) where the 'standing and the substantive basis for the presentation of the claims' is the Medicare Act; and (2) where the claims are 'inextricably intertwined' with a claim for Medicare benefits[.]" Do Sung Uhm v. Humana, Inc., 620 F.3d 1134, 1141 (9th Cir. 2010) (quoting Heckler v. Ringer, 466 U.S. 602, 614-15, 104 S.Ct. 2013, 2021-22 (1984). A claim is inextricably intertwined with a claim for Medicare benefits if it is "ultimately one for benefits under the Act." Do Sung Uhm, 620 F.3d at 1141; (see also Dkt. 1, NOR at 2).

Here, the court is not persuaded that plaintiff's claim arises under the Medicare Act. Plaintiff is seeking tort damages for the harm caused by Aetna's "wrongful" refusal to provide continued SNF care and therapies. Plaintiff alleges that Aetna's conduct caused him harm since it was critical that he receive such care and services "immediately and continuously" after his stroke because "stroke victims have the best chances for meaningful rehabilitation from severe strokes when they undergo rehabilitation therapies immediately after the occurrence of a stroke." (Dkt. 1-1, Complaint at ¶ 17). He alleges that "any delay in the receipt of [such] therapies . . . would be damaging to him." (Id.; see id. at ¶ 25 (alleging that "rates of recovery after a stroke are greatest when therapeutic rehabilitation activities occur during the acute and post-acute periods of a stroke" and that "prematurely discontinuing" services would have a "damaging impact on Plaintiff's health and recovery")). As a result of Aetna's wrongful conduct, plaintiff was forced to forgo certain SNF care and services "to his detriment." (Id. at ¶ 54). The delay in obtaining such services cannot be undone.

This case is similar to Ardary v. Aetna Health Plans of California, Inc., 98 F.3d 496 (9th Cir. 1996), where the Ninth Circuit held that state law claims for wrongful death did not arise under the Medicare Act. Id. at 502 ("Because we hold that the [plaintiffs'] state law claims do not 'arise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2125 FMO (GJSx) | Date | **November 9, 2017** |
|---|---|---|---|
| Title | **Abol G. Helmy v. Aetna Health of California, Inc.** | | |

under' the Medicare Act, we must conclude that the action was improperly removed to federal court."). In that case, the decedent suffered a heart attack and was taken to a small rural facility near her home. See id. at 497. Despite repeated requests from her physician, the health plan administrator refused to authorize airlift transportation to a larger hospital. Id. Because of the failure to authorize the airlift services, the decedent allegedly died at the rural hospital. Id. at 497-98. Despite the fact that the plaintiffs conceded that their claim were all "predicated on" the plan administrator's failure to authorize the airlift, the court rejected defendant's argument that federal question jurisdiction existed because the plaintiffs' claims all related to the denial of Medicare benefits. See id. at 498 & 501-02. As the court noted, plaintiffs were "at bottom not seeking to recover benefits." Id. at 500 (emphasis omitted). Here, plaintiff is not seeking to recover Medicare benefits. Rather, he is seeking tort damages for the failure to provide immediate and continual SNF services.

Moreover, as in Ardary, the damage done to plaintiff from the failure to receive immediate and continual SNF care and therapies "cannot be remedied by the retroactive authorization or payment" for such services. See Ardary, 98 F.3d at 500; Hofler v. Aetna U.S. Healthcare of Cal., Inc., 296 F.3d 764, 769-70 (9th Cir. 2002), abrogated on other grounds by Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S.Ct. 704 (2005) (As in Ardary, "it is too late for the deceased Mr. Hofler to get a second opinion about his esophageal cancer, have a biopsy to diagnose his prostate cancer, or receive treatment for his aneurysm."); (see also Dkt. 1-1, Complaint at ¶¶ 17, 54) (plaintiff was forced to forego certain SNF care and services to his detriment since it was critical that he receive such care and services "immediately and continuously" after his stroke).

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for federal question jurisdiction. See 28 U.S.C. § 1331.

II. COSTS AND FEES.

Plaintiff seeks an award of attorney's fees and costs in connection with its Motion. (See Dkt. 21-1, Memorandum of Points and Authorities in Support of Motion to Remand at 13). Section 1447(c) provides in relevant part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin, 546 U.S. at 141, 126 S.Ct. at 711. Here, the court finds that defendant did not lack an objectively reasonable basis for removal.

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 17-2125 FMO (GJSx)** | Date | **November 9, 2017** |
|---|---|---|---|
| Title | **Abol G. Helmy v. Aetna Health of California, Inc.** | | |

    1.  Plaintiff's Motion to Remand **(Document No. 21)** is **granted in part** and **denied in part**. The Motion is granted to the extent it seeks remand of the action to state court. The Motion is denied to the extent plaintiff seeks fees and costs.

    2.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    3.  All pending motions are denied without prejudice.

    4.  The Clerk shall send a certified copy of this Order to the state court.

Initials of Preparer      vdr